**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PATRICIA SWEAT,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:05-CV-0329-BF** |
| | § | **ECF** |
| **COMMISSIONER OF SOCIAL** | § | |
| **SECURITY ADMINISTRATION,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the District Court's Order of Reassignment (doc. 25), this is now a consent case before the United States Magistrate Judge. For the reasons stated below, the final decision of the Defendant Commissioner of Social Security Administration (the "Commissioner") is reversed and remanded for further proceedings consistent with this opinion.

**I.**

Plaintiff Patricia Sweat (the "Plaintiff") was born on November 4, 1955. Tr. at 937. Plaintiff filed her application for Disability Insurance Benefits ("DIB") on August 20, 1998, alleging that she has been unable to work since March 25, 1998, because she is unable to use her left arm with the exception of being able to use her left thumb and forefinger and because of the side effects of the prescription drugs that she needs to take to control extreme pain. *Id*. at 55, 66. Plaintiff has a high school degree and one year of college education. *Id*. at 937. Plaintiff also took restaurant management training and multiple courses on banking. *Id*. at 938. Plaintiff has experience working as a receptionist, administrative coordinator, store evening manager, general manager, waitress, hostess, cashier, bank teller, and bank teller manager. *Id*. at 88. Plaintiff has 13 years of experience working in the banking field. *Id*. at 938. Plaintiff last worked as a teller manager for Nations Bank, which is now Bank of America. *Id*. As a teller manager, Plaintiff was responsible for overseeing

the entire bank. *Id*. at 940. Plaintiff supervised the drive-through, customer service and inventory, made sure the ATM was filled and balanced, and prepared for audits. *Id*. at 940-41. Plaintiff supervised ten tellers, conducted their training and weekly classes, and put together their schedules. *Id*. Plaintiff also managed the vault, which involved making sure it was in balance, transferring funds, and getting shipments ready for Brinks. *Id*. at 941. Plaintiff also worked as a teller, customer service manager, receptionist or consumer banker, if necessary. *Id*. at 940-42.

On May 4, 2000, Plaintiff had a hearing before Administrative Law Judge ("ALJ") Ruth Tentori. *Id*. at 936. ALJ Tentori issued a decision on May 25, 2000, determining that Plaintiff was not disabled because she can return to her past relevant work. *Id*. at 462-63. On October 24, 2002, the Social Security Administration Appeals Council (the "Appeals Council") issued an order vacating ALJ Tentori's hearing decision and remanding the case to an ALJ with the following orders:

> (1) Obtain additional evidence concerning claimant's musculoskeletal/neurological and mental impairments in order to complete the administrative record in accordance with regulatory standards concerning consultative examinations and existing medical evidence (20 CFR 404.1512-1513). The additional evidence may include, if warranted and available, consultative neurosurgical and psychiatric examinations and medical source statements about what the claimant can still do despite the impairment. In addition, the Administrative Law Judge should attempt to obtain updated medical evidence.
>
> (2) Further evaluate the claimant's subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms (20 CFR 404.1529) and pertinent circuit case law and Social Security Ruling 96-7p.
>
> (3) Further evaluate the claimant's mental impairment in accordance with the special technique described in 20 CFR 404.1520a and document application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR 404.1520a(c).
>
> (4) Give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific

references to evidence of record in support of the assessed limitations (Social Security Ruling 96-8p). In so doing, evaluate the treating and examining source opinions and nonexamining source opinions pursuant to the provisions of 20 CFR 404.1527 and Social Security Rulings 96-2p, 96-5p, and 96-6p, and explain the weight given to such opinion evidence. As appropriate, the Administrative Law Judge may request the treating and examining sources to provide additional evidence and/or further clarification of the opinions and medical source statements about what the claimant can still do despite the impairment (20 CFR 404.1512).

(5) Further if necessary, obtain evidence from a medical expert to clarify the nature and severity of the claimant's impairment (20 CFR 404.1527(f) and Social Security Ruling 96-6p).

(6) If warranted by the expanded record, obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (83-14 and Fields v. Bowen, 805 F.2d 1168, 1170 (5th Cir. 1986)). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

Tr. at 474-75. On April 16, 2003, Plaintiff, represented by an attorney, had a hearing before ALJ Daniel Curran. *Id.* at 895. Plaintiff's husband testified at the hearing. *Id.* at 920-32. A vocational expert and a medical expert were not present. On May 29, 2003, ALJ Curran issued a decision stating that, although Plaintiff is unable to perform her past relevant work, Plaintiff has the capacity to perform the full range of light work. *Id.* at 24-25. Plaintiff subsequently appealed ALJ Curran's decision, and on February 4, 2005, the Appeals Council denied Plaintiff's request for review. *Id.* at 9-12. Therefore, ALJ Curran's May 29, 2003 decision became the final decision of the Commissioner. Plaintiff subsequently filed this action in the District Court on February 17, 2005.

Plaintiff contends that the final decision of the Commissioner should be reversed for the following reasons: (1) by failing to develop additional evidence of Plaintiff's mental disorders, by failing to apply the "special psychiatric technique" to evaluate them, and by writing a decision that fails to "weigh" the medical opinions that conclude that Plaintiff's mental functions are impaired, the ALJ violated the remand order and the regulations; (2) four treating doctor opinions require the Commissioner to find disability as a matter of law, beginning March 25, 1998. Plaintiff alternatively contends that the ALJ reversibly erred by failing to follow the required legal standards for evaluating these opinions; (3) the ALJ's decision "bungles" the RFC finding; (4) the ALJ overlooked a "period of disability" lasting longer than one year that the record establishes as a matter of law. Furthermore, the ALJ's failure to evaluate Plaintiff's claim for a closed period of disability violates the principles set out in *SEC v. Chenery*, 332 U.S. 194, 196 (1947); and (5) by relying on the so called "stigmata of constant, unremitting pain" in assessing Plaintiff's credibility, the ALJ employed an incorrect legal standard.  Pl.'s Br. at 16, 18, 30, 40, 43.

## II.

This Court's review of the Commissioner's decision is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether the decision is supported by substantial evidence, and (2) whether the proper legal standards were applied to evaluate the evidence.  *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam).  "The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (footnotes omitted).

4

It is not the place of this Court to "reweigh the evidence or try the issues *de novo* or substitute its judgment for that of the [Commissioner]." *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez*, 64 F.3d at 173. Substantial evidence is that which a reasonable mind might accept to support a conclusion. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). It is "more than a mere scintilla and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). In order to make a finding of no substantial evidence, the court must determine that there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir. 1983) (citing *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir. 1973)). Even if the Court determines that the evidence preponderates in Plaintiff's favor, the Court must still affirm the Commissioner's finding if there is substantial evidence to support those findings. *See Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir. 1985). The resolution of conflicting evidence is for the Commissioner and not this Court. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

In determining whether a claimant is disabled, the Commissioner uses a five-step sequential inquiry. *Leggett*, 67 F.3d at 563; *Martinez*, 64 F.3d at 173-74. The Commissioner must consider whether: (1) the claimant is presently working; (2) the claimant's ability to work is significantly limited by a mental or physical impairment; (3) the claimant's impairment meets or equals an impairment listed in Appendix 1, Subpart P, Regulation No. 4; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant cannot presently perform other work that exists in significant numbers in the national economy. *Leggett*, 67 F.3d at 563 n.2; *Martinez*, 64 F.3d at 173-74. The burden of proof is on the claimant for the first four steps, but shifts to the

Commissioner at step five.  *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).  At step five, once the Commissioner shows that other jobs are available to the claimant, the burden shifts to the claimant to rebut this finding.  *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

For purposes of social security cases, "disability" means an inability to engage in substantial gainful activity because of a medically determinable mental or physical impairment or combination of impairments that could be expected to either last for a continuous period of not less than 12 months or to result in death.  *See* 42 U.S.C. § 423(d)(1)(A).  In order to establish disability, the record must show that the limitations imposed by Plaintiff's conditions prevent her from engaging in any substantial gainful activity.  *See Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983).

When reviewing a decision of "not disabled," the Court's function is to determine whether the record as a whole contains substantial evidence that supports the final decision of the Commissioner, as the trier of fact.  *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989); *Kane*, 731 F.2d at 1219.  Four elements of proof should be weighed to determine if there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of examining and treating physicians; (3) Plaintiff's subjective evidence of pain and disability; and (4) age, education, and work history.  *Martinez*, 64 F.3d at 174 (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991)).  The ALJ must develop the facts fully and fairly relating to an applicant's claim for disability benefits.  *Ripley*, 67 F.3d at 557.  If the ALJ fails to do this, the decision is not substantially justified.  *Id*.  Nevertheless, the ALJ's decision should be reversed only if Plaintiff shows that she was prejudiced.  *Id*.  A procedurally imperfect administrative ruling should not be overturned unless the substantive rights of a party have been prejudiced.  *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.

6

1988); *Smith v. Chater*, 962 F. Supp. 980, 984 (N.D. Tex. 1997) (Fitzwater, J.).

## III.

Plaintiff contends that by failing to develop additional evidence of Plaintiff's mental disorders, by failing to apply the "special psychiatric technique" to evaluate them, and by writing a decision that fails to "weigh" the medical opinions that conclude that Plaintiff's mental function is impaired, the ALJ violated the remand order and the regulations. Pl.'s Br. at 16. According to the Appeals Council's October 24, 2002 order vacating ALJ Tentori's decision and remanding the case, the Appeals Council determined that the "record contains insufficient evidence regarding the claimant's mental disorder." Tr. at 474. The Appeals Council went on to say, "The medical evidence shows that the claimant may have a mental impairment (Exhibits 8F, 10F, and 17F), but the hearing decision does not contain an evaluation of this impairment pursuant to 20 CFR 404.1520a." *Id.* The Appeals Council ordered that upon remand, an ALJ shall "[o]btain additional evidence concerning the claimant's . . . mental impairments in order to complete the administrative record in accordance with the regulatory standards concerning consultative examinations and existing medical evidence (20 CFR 404.1512-1513)." *Id.* at 474. Furthermore, the Appeals Council ordered that the ALJ "[f]urther evaluate the claimant's mental impairment in accordance with the special technique described in 20 CFR 404.1520a and document application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR 404.1520a(c)," and "evaluate the treating and examining source opinions and nonexamining source opinions pursuant to the provisions of 20 CFR 404.1527 and Social Security Rulings 96-2p, 96-5p, and 96-6p, and explain the weight given to such opinion evidence." *Id.* at 475.

The Commissioner does not contest Plaintiff's assertion that no additional evidence regarding Plaintiff's mental disorder has been obtained.  *See* Pl.'s Br. at 16; Def.'s Br. 3 *passim*. Furthermore, the Commissioner states, "although the ALJ apparently did not comply with the Appeals Council Order dated October 24, 2002, requiring the ALJ to evaluate Sweat's mental condition under the factors in 20 CFR § 404.1520a (Tr. 474), the evidence nonetheless clearly indicates that Plaintiff has no limitations due to her mental impairments." Def.'s Br. at 9.  Although the Appeals Council found the record to be insufficient with respect to Plaintiff's mental disorder (Tr. at 474), the Commissioner contends that it is clear from this record that Plaintiff has no mental limitations.  Def.'s Br. at 9.  The Commissioner states, "In this case, there was sufficient evidence for the ALJ to determine Plaintiff's ability to work."  *Id*. at 14.

 "The regulations provide that the administrative law judge shall take any action that is ordered by the Appeals Council . . . ."  *Houston v. Sullivan*, 895 F.2d 1012, 1015 (5th Cir. 1989) (internal quotation and citation omitted).  *See also Hutchison v. Apfel*, No. 2:98-CV-0087-J, 2001 WL 336986, at * 11 (N.D. Tex. March 9, 2001) (Averitte, M.J.) (recommendation adopted on March 29, 2001) ("It is clear from the record that the ALJ failed to follow the Appeals Council's order of remand in that he failed to further develop the plaintiff's RFC with specific references to the record, failed to obtain evidence from a vocational expert to clarify the effect of the assessed limitations on plaintiff's occupational base, and failed to give further consideration to whether the request for hearing should be dismissed in part.  As such, the ALJ erred as a matter of law.  At the very minimum, this case should be remanded to defendant Commissioner of the Social Security Administration for development of the issues as had been previously ordered by the Appeals Council.").

"Unlike a physical impairment, it is extremely difficult to predict the course of mental illness." *Singletary v. Bowen*, 798 F.2d 818, 821 (5th Cir. 1986) (citation omitted).  Accordingly, on October 24, 2002, the Appeals Council issued a highly specific remand order with regard to assessing Plaintiff's mental disorder. *See* Tr. at 474-75.  ALJ Curran did not follow those remand instructions.  This Court determines that the Commissioner's final decision is reversed and remanded.  Upon remand, the Commissioner shall fully comply with the Appeals Council's October 24, 2002 remand instructions.  Because this Court finds that Plaintiff's other arguments will be addressed if the Commissioner fully complies with the Appeals Council's highly specific remand order,  this Court does not address those other arguments herein.

## IV.

The Commissioner's unfavorable decision is reversed and remanded for further proceedings consistent with this opinion.

It is so ordered.  March 26, 2007.

_____

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE